UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
UNITED STATES OF AMERICA,                 :      S1: 20cr0052 (DLC)
                                          :
            -v-                           :      MEMORANDUM OPINION
                                          :           AND ORDER
DEREK LIVINGSTON, a/k/a "Wiz,"            :
                                          :
                 Defendant.               :
                                          :
-----------------------------------------X

DENISE COTE, District Judge:

     On April 8, 2020, the defendant sought release on bail from

the Metropolitan Correctional Center ("MCC") pursuant to 18

U.S.C. §§ 3142(f) and 3142(i), on account of the COVID-19

pandemic.  The Government opposed the defendant's release on

April 9, and the defendant replied today.  The defendant's

application for release on bail is denied.

     On March 2, 2020, a three-count indictment was returned

against the defendant, who is thirty-two years old.  The first

count charges the defendant, along with twelve co-defendants,

with violating 21 U.S.C. § 846.  In particular, he has been

indicted for conspiring to distribute 280 grams and more of

mixtures and substances containing a detectable amount of

cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A), and

mixtures and substances containing a detectable amount of

cocaine, in violation of 21 U.S.C. § 841(b)(1)(C).  The second

count charges the defendant alone with possessing a firearm in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The third count charges the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He is facing a mandatory minimum term of imprisonment of fifteen years. Trial is scheduled for November 2, 2020.

At the defendant's March 5 presentment, the Magistrate Judge ordered the defendant detained, having found that a danger to the community would exist if he were released on bail. The defendant makes this application pursuant to Sections 3142(f) and 3142(i).

Pursuant to Section 3142(f), a

> hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

The only new information that the defendant argues justifies a reopening of the bail hearing and that was not known on March 5 is the outbreak of the COVID-19 pandemic. While there can be no dispute that the COVID-19 pandemic has imposed enormous strains upon all institutions, including correctional

facilities, the public health crisis does not have a "material bearing" on whether there are conditions of release that would reasonably assure the safety of the community. Given the nature of the counts with which the defendant has been charged, the Government's description of its evidence of his criminal conduct, all of the information provided by the parties relevant to the underlying bail decision, and the defendant's failure to describe any new evidence that would suggest he presents less of a danger to the community, the Court declines to reopen the bail hearing pursuant to Section 3142(f).[1]

The defendant also argues that he should be released pursuant to Section 3142(i). He requests that he be released to home confinement and returned to live with his girlfriend and their thirteen-month old daughter, or, alternatively, to his mother.

> Section 3142(i) provides that a
>
> judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). The defendant contends that he has a chronic asthma condition and that that constitutes a

---

[1] Because the Court declines to reopen the bail hearing, this application may be decided without a hearing.

"compelling reason" for his release given the risk that COVID-19 presents to those with asthma.  He argues as well that his release is necessary so that the defendant can assist in the preparation of his defense for his November 2, 2020 trial.

The defendant has not shown that release of the defendant to live with his mother or his girlfriend will reasonably ensure the safety of the community.  The defendant reported that he was living with his girlfriend at the time he committed the charged offenses, and had previously lived with his mother.

Nor do the defendant's arguments regarding either his health or the need to assist counsel with trial preparation indicate that this application should be granted.  After his arrest in March, the defendant told the Pretrial Services Officer that his health was excellent; he reported no medical problems.  He also reported a work history that included construction work and performing for eight years in comedic/aerobic basketball.  The defendant has not submitted any medical records to indicate that he was under the care of a physician before his arrest for the treatment of asthma or any other medical condition.

Since the defendant's trial will not commence for many months, it is premature to determine that the measures

taken by the Bureau of Prisons to protect inmates' health will prevent him from being ready to present his defense at that trial.  The defendant's application for temporary release pursuant to Section 3124(i), therefore, is denied.

Dated:    New York, New York
          April 10, 2020

                                    _____
                                           DENISE COTE
                                    United States District Judge