

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 3, 2021

**By ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States* v. *Derek Livingston*, S1 20 CR 52 (DLC)

Dear Judge Cote,

    The Government writes to request respectfully that the Court reject the defendant's bail application filed on June 3, 2021, seeking his release following his plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and pending his sentencing, currently scheduled for September 22, 2021.

    Pursuant to 18 U.S.C. § 3143(a)(2), a "judicial officer shall order that person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A), among other provisions] and is awaiting imposition . . . of sentence be detained unless . . . (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted[ ] or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

    As the Second Circuit recently reaffirmed in *United States v. Watkins*, 940 F.3d 152 (2d Circ. 2019), a violation of 18 U.S.C. § 922(g)(1) is a "crime of violence" under the Bail Reform Act pursuant to 18 U.S.C. § 3156(a)(4)(B), and thus the defendant's application for release must be assessed through the framework of 18 U.S.C. § 3143(a)(2). The defendant does not address the statutory requirements of this provision that mandate his remand following his conviction, and he obviously cannot satisfy the narrow exception drawn in 18 U.S.C. § 3143(a)(2)(A) insofar as his guilty plea renders moot any motion for acquittal or new trial and the Government will recommend that the Court sentence the defendant to a term of imprisonment of ten years. Regardless, for the same reasons articulated in its prior letter opposing the defendant's release dated April 9, 2020, the Government respectfully submits that the defendant cannot show by clear and convincing evidence that he does not present a flight risk or a danger to the community.

For these reasons, the Government respectfully requests that the Court deny the defendant's bail application and order the defendant's remand, which is statutorily mandated.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: *Thomas John Wright*
Thomas John Wright
Assistant United States Attorney
(212) 637-2295

cc: Anna N. Sideris, Esq. (Counsel to Defendant Derek Livingston) (by ECF)
Peter Enrique Quijano (Counsel to Defendant Derek Livingston) (by ECF)
Megan Wall-Wolff, Esq. (Counsel to Defendant Derek Livingston) (by ECF)

*The June 2 application for bail is denied.*

*Denise Cote*
*June 4, 2021*